PORTER v. DAVIDSON, Sheriff.

(Circuit Court of Appeals, Fourth Circuit.    May 28, 1895.)

No. 109.

APPEAL—INTERLOCUTORY ORDER.
　　An order made in an action of claim and delivery, under the North Caro-
　　lina Code, directing certain chattels which have been taken by the mar-
　　shal from the possession of a sheriff, upon a requisition to replevy them,
　　to be returned to such sheriff, is not a final order, and is not reviewable.

In Error to the Circuit Court of the United States for the West-
ern District of North Carolina.

This was an action of claim and delivery by Henry Kirk Porter
against L. W. Davidson, sheriff of Cherokee county, N. C.  The cir-
cuit court made an order directing certain replevied chattels to be
returned to the defendant.  62 Fed. 626.  Plaintiff brings error.
Affirmed.

Julius C. Martin, on brief for plaintiff in error.

R. L. Cooper and M. W. Bell appeared on record for defendant in
error, but filed no brief, nor appeared to argue the case.

Before FULLER, Circuit Justice, GOFF, Circuit Judge, and SEY-
MOUR, District Judge.

SEYMOUR, District Judge.  The plaintiff in error, who was also
plaintiff below, is mortgagee of certain chattels in the possession of
George Porter & Co., mortgagor, after condition broken.  The de-
fendant, the sheriff of Cherokee county in North Carolina, had seiz-
ed and held the chattels under warrants of attachment issued out
of the courts of North Carolina against the mortgagors.  Pending
the suits in which the attachments were issued, the plaintiffs in
error brought their action of claim and delivery in the circuit court
of the United States for the Western district of North Carolina, and,
pursuing the state practice, they executed the proper undertaking;
and the marshal of the circuit court took the chattels from the pos-
session of the sheriff, and delivered them to the plaintiff.  There-
upon the defendant below moved to dismiss the summons and com-
plaint and the action.  These motions the court denied, but order-
ed that the chattels taken by the marshal be returned to the de-
fendant sheriff.  Plaintiff, having duly excepted to this order,
brings his writ of error to this court.

The learned judge who delivered the opinion of the circuit court
assigned as the reason for his order the fact that the chattels in
question had been seized by the sheriff by virtue of the process of
the state court, and were therefore in the custody of that court,
and not liable to be taken therefrom by process of the United States
court.  The order is evidently not a final decision of the cause, and
is therefore not reviewable.  As was stated in the opinion of the
judge below:

"The proceeding of the plaintiff in this case, by which he took from the
possession of the sheriff the chattels levied on, was ancillary,—not in any way

affecting the merits of the original case. That can go on without conflicting with any of the cases quoted above."

Appeal dismissed.